# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN M. MONTENEGRO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>J. SULLIVAN,<br><br>　　　　Respondent. | Case No. 1:20-cv-00684-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND SEND PETITIONER A PRISONER CIVIL RIGHTS COMPLAINT FORM |

Petitioner Juan M. Montenegro is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Given that the instant petition challenges conditions of confinement and thus, is not cognizable in federal habeas corpus, the undersigned recommends that the petition be dismissed without prejudice to refiling the claims in an action under 42 U.S.C. § 1983.

## I.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." See McFarland v. Scott, 512 U.S. 849, 856 (1994).

**A. Federal Habeas Corpus Jurisdiction**

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he

is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim is cognizable in habeas when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141–42 (1991); Preiser, 411 U.S. at 499.

In the instant petition, Petitioner asserts that he "is seeking to get release[d] for better health care due to his disability." (ECF No. 1 at 3).[1] Petitioner alleges that he is unable to get proper health care for his several illnesses, such as hearing loss, inability to sit or stand for long periods of time, sight difficulties, post-traumatic stress disorder, depression, and paranoia. (Id.). Here, Petitioner does not challenge any aspect of his underlying criminal conviction or sentence or the fact or duration of his confinement. The Ninth Circuit has "long held that prisoners may not challenge mere conditions of confinement in habeas corpus." Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) (citing Crawford v. Bell, 599 F.2d 890, 891–92 (9th Cir. 1979)). As Petitioner's claims do not fall within "the core of habeas corpus," Preiser, 411 U.S. at 487, they must be brought under 42 U.S.C. § 1983. Nettles, 830 F.3d at 931. Accordingly, Petitioner has failed to state a cognizable claim for federal habeas corpus relief.

**B. Conversion to § 1983 Civil Rights Action**

"If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Nettles, 830 F.3d at 936 (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). The Court notes that habeas corpus and prisoner civil rights actions differ in a variety of respects, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strikes rule). Nettles, 830 F.3d at 936 (citing Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011); Glaus, 408 F.3d at 388).

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

The undersigned finds that it would be inappropriate to construe the habeas petition as a civil rights complaint under 42 U.S.C. § 1983. The petition names the warden as Respondent and thus, does not name the correct defendants. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

## II.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that that the petition for writ of habeas corpus be dismissed without prejudice to refiling the claims in an action under 42 U.S.C. § 1983.

Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to the present matter and to send Petitioner a prisoner civil rights complaint form.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 1, 2020**                    /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE